FIRST WISCONSIN NATIONAL BANK OF MADISON,
a Wisconsin corporation, as Assignee of
Middleton Motors, Inc., Plaintiff-Respondent,

v.

Darrell E. WILSON, Defendant-Appellant.

Court of Appeals

No. 83–1404. Submitted on briefs October 8, 1984.—
Decided November 13, 1984.
(Also reported in 360 N.W.2d 548.)

For the appellant the cause was submitted on the briefs of *Richard L. Binder* and *Fowell & Keegan* of Richland Center.

For the respondent the cause was submitted on the brief of *Ronald A. Ritchie* and *Haukom & Ritchie* of Madison.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Darrell Wilson appeals a deficiency judgment imposed in an action to collect a debt arising from a consumer credit sale. Wilson argues that the trial court did not credit him with the fair market value of a repossessed automobile, and that the sale of the auto-

mobile was not commercially reasonable. Because the trial court did not determine the fair market value of the automobile as required by sec. 425.210, Stats., we reverse the judgment and remand the matter to the trial court with directions.

First Wisconsin National Bank of Madison repossessed an automobile purchased by Wilson on credit. It then solicited bids on the vehicle from three area automobile dealers. After soliciting dealer bids, the automobile was displayed to the public for more than two weeks. The display lot was not advertised as a used car lot. Regular buyers of repossessed automobiles knew that First Wisconsin exhibited its vehicles at the lot, however. The automobile subsequently was sold by private sale after notice to Wilson.

First Wisconsin sought a deficiency judgment against Wilson because the sale price was less than Wilson's unpaid loan balance. Wilson presented evidence, including blue book value, that the sale price was less than the fair market value of the automobile. He also claimed that First Wisconsin's sale procedure was commercially unreasonable because the automobile was not advertised and because the sale was completed so quickly. The trial court determined that the sale was commercially reasonable. It deducted the sale price from Wilson's remaining debt without specifically finding the fair market value of the automobile.

The trial court must determine the fair market value of collateral when computing a deficiency judgment involving a consumer credit sale. Section 425.210 expressly provides that the fair market value of the collateral must be deducted from the unpaid loan balance to determine a deficiency. Fair market value is the price that property will bring when it is offered for sale by one who desires to sell, but is not obliged to sell, and it is bought by one who is willing to buy, but is not obliged

to buy. *Kremer v. Rule*, 216 Wis. 331, 338, 257 N.W. 166, 169 (1934). The fair market value test will generally result in less of a deficiency. Crandall, *The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After*, 1973 Wis. L. Rev. 334, 372. The trial court must make a specific finding of fair market value when computing a deficiency, just as it must make a finding of fair value when confirming a foreclosure sale. *See First Wisconsin National Bank v. KSW Investment, Inc.*, 71 Wis. 2d 359, 368–69, 238 N.W.2d 123, 128 (1976). Because the trial court did not determine the fair market value of the automobile in question, we reverse the judgment and remand the matter to the trial court with directions to determine the fair market value and to deduct such amount from the unpaid loan balance.

On remand, the trial court may consider the sale price received by First Wisconsin as relevant evidence of the fair market value because the sale was commercially reasonable. It is not, however, necessarily conclusive as to fair market value. A sale price is not evidence of fair market value unless the sale is conducted in a commercially reasonable manner. *See Vic Hansen & Sons, Inc. v. Crowley*, 57 Wis. 2d 106, 114–15, 203 N.W.2d 728, 733 (1973). The question of what constitutes a commercially reasonable disposition of collateral is a fact question. *See Appleton State Bank v. Van Dyke Ford, Inc.*, 90 Wis. 2d 200, 205, 279 N.W.2d 443, 445 (1979). Because the trial court's finding of commercial reasonableness in this case is not against the great weight and clear preponderance of the evidence, the sale price may be considered by the trial court as evidence of fair market value.

*By the Court.*—Judgment reversed and cause remanded with directions.